889 F.2d 1088
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William MOSES, Plaintiff-Appellant,
v.
Al C. PARKE; C. Tony Williams; Louis Smith; Fred Cote;
Brian Wathen; Wendel Goode; John T. Wigginton,
Defendants-Appellees.
 No. 89-5350.
 United States Court of Appeals, Sixth Circuit.
 Nov. 14, 1989.
 
 Before KENNEDY and RYAN, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 William Moses, a Kentucky prisoner proceeding pro se, appeals the order of the district court dismissing his complaint filed pursuant to 42 U.S.C. Secs. 1983 and 1985. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Moses alleged that he was denied property without due process of law. The complaint of Moses alleged that while he was an inmate of the Kentucky State Reformatory, he received a Christmas package from his mother containing food items. He was informed that two cans of tuna, one can of hash, two cans of sardines, and one can of Vienna sausages had been withheld in the institutional property room and that the withheld property must be mailed back to the sender in five days or be destroyed. He requested permission to mail the withheld food items back to his mother at his own expense. Permission was refused and Moses was advised that the withheld food items would be destroyed.
 
 
 3
 The district court held that Moses failed to allege that no state remedy exists for recovery of the value of his property, and that Moses did not indicate whether he attempted to make a claim against the state for the value of his property. Therefore, the court held that the due process clause of the fourteenth amendment was not implicated, see Parratt v. Taylor, 451 U.S. 527 (1981), and that the claim was frivolous pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 4
 Upon review, we conclude that the complaint was properly dismissed because it is frivolous within the meaning of 28 U.S.C. Sec. 1915(d). A complaint is frivolous "where it lacks an arguable basis either of law or fact." Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). Claims which lack an arguable basis in law include claims of infringement of a legal interest which clearly does not exist.
 
 
 5
 Plaintiff's complaint is frivolous not only because he failed to plead or prove the unavailability of a state remedy, but also because there is no constitutionally protected right in items that Moses was informed that he would not be allowed to possess.
 
 
 6
 Accordingly, the dismissal of plaintiff's complaint is hereby affirmed for the reasons set forth in the district court's memorandum dated February 22, 1989, pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.